**Bi Chang ZHEN, Petitioner,**

v.

**Alberto R. GONZALES,* Attorney General, Respondent.**

No. 03–72475.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 2005.

Decided June 28, 2005.

B. Fletcher, Circuit Judge, filed concurring opinion.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

William Kiang, San Gabriel, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, Donald E. Keener, Esq., Francis W. Fraser, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, RYMER and FISHER, Circuit Judges.

**MEMORANDUM** \*\*

Bi Chang Zhen, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' ("BIA") denial of her motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for abuse of discretion, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), and we deny the petition.

■ The BIA did not abuse its discretion in denying Zhen's motion to reopen to allow her to apply for asylum on the new ground that she fears China's one-child policy. Zhen conceded that she did not support her motion with any new evidence, *see* 8 C.F.R. § 1003.2(c)(1), and we are not persuaded that the IJ should have exercised more care in explaining that Zhen may have been eligible for asylum based on China's population control policies. The IJ repeatedly asked Zhen for all the reasons she feared returning to China, and neither Zhen nor her husband, who testified on her behalf, mentioned China's coercive population control policies. Absent any indication whatsoever that Zhen feared returning to China on this ground, the IJ could not be expected to inform Zhen sua sponte of this alternate basis of relief simply because Zhen was a Chinese national with two children. Based on the information Zhen communicated to the IJ, in both her testimony and her application, the IJ fully explained the different forms of relief available to Zhen—asylum, withholding of removal and voluntary departure—as required by 8 C.F.R. § 1003.2(c)(1).

■ In addition, we are not persuaded that the BIA should have reopened Zhen's

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

case to allow her to present a "decent appeal brief" in support of her appeal of the denial of her original asylum claim. Zhen's unsubstantiated references in her motion to reopen to an "unscrupulous and illegal 'immigration consultant'" were not sufficient to support a claim of ineffective assistance of counsel. *See Reyes v. Ashcroft*, 358 F.3d 592, 596–97 (9th Cir.2004).

Our denial of relief in this petition is without prejudice to any other remedies available to Zhen.

**PETITION DENIED.**

B. FLETCHER, Circuit Judge, concurring.

I reluctantly concur in the decision to deny the petition. Evidence in the record strongly supports the petitioner's asylum claim based on fear of forced sterilization. Zhen Bi Chang, the petitioner, is the mother of two children, exceeding the number of children allowed under China's one-child policy. As a pro se petitioner Zhen was unaware of this statutory ground for relief when she appeared before the Immigration Judge (IJ). Later counsel did not raise this claim to the Board of Immigration Appeals (BIA); indeed he did not file a brief with the BIA. As a result, although Zhen likely qualifies for at least one and possibly two forms of relief, Zhen faces deportation to a country where she is likely to be sterilized against her will.[1]

During the course of Zhen's time in the United States' immigration system she employed several, less than capable members of the immigration bar. Zhen retained an attorney for her IJ hearing but the attorney left town and disconnected his phone. He did not represent her at the hearing. She proceeded pro se. For Zhen's appeal before the BIA, she hired another attorney. This attorney took $600 but never filed an appeal brief. Subsequently, Zhen hired a new attorney. This new attorney also failed to file a brief before the BIA. The attorney claims he did not file a brief because he was waiting for a transcript of Zhen's IJ hearing. He was her attorney for over a year before her appeal was denied. He substituted in as her counsel in February of 2001. He did nothing at all until the appeal was denied in March of 2002. This same attorney then filed Zhen's motion to reopen before the BIA and filed her brief to this court. He did not raise a domestic abuse claim under the *Victims of Trafficking and Violence Protection Act*. This claim arose after Zhen's hearing and appeal and would have qualified Zhen for reopening of her petition. Notwithstanding these failures the attorney, not surprisingly, did not raise an ineffective assistance of counsel claim against himself. Thus, we cannot address any ineffective assistance of counsel claim on behalf of Zhen.

Zhen appeared before the IJ as a pro se female Chinese national with two children. Despite these telling facts, her likely qualification for asylum on the basis of fear of forced sterilization was never queried by the immigration judge.[2] A series of un-

1. In addition to the evidence is support of Zhen's statutory asylum claim, at oral argument, counsel for Zhen reported that Zhen has separated from her permanent resident husband because of domestic abuse. Under these circumstances Zhen may qualify for relief under the *Violence Against Women Act of 1994*, Pub.L. No. 103–322, 108 Stat. 1796, Subtitle G (1994), and *Victims of Trafficking*

and *Violence Protection Act of 2000*, Pub.L. No. 106–386, 114 Stat. 1464 (2000). The *Victims of Trafficking and Violence Protection Act* created a new "U" visa for victims of domestic violence and other crimes.

2. Immigration judges have "a duty to fully develop the record when an alien proceeds pro se by probing into relevant facts and

scrupulous legal counselors did not inform her of this ground for relief and then failed to brief her claim to the courts. Furthermore, it appears Zhen's current attorney never raised the forms of relief available to non-citizen victims of domestic violence. Her claims for relief have never been raised and are not exhausted. As a result, although she likely qualifies for asylum, we deport a woman who is the wife of a permanent resident and the mother of two United States citizen children.

---

providing appropriate guidance as to how the alien may prove his application for relief." *Agyeman v. INS,* 296 F.3d 871, 884 (9th Cir. 2002); *see also Jacinto v. INS,* 208 F.3d 725 (9th Cir.2000). This requirement stems from the Fifth Amendment's due process rights as applied to individuals in deportation proceedings. *Agyeman,* 296 F.3d at 877. Zhen's attorneys have never raised a due process argument.

